IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALVARO BORJA, | § | |
|         Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:05-CV-1338-D |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|         Respondent | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. BACKGROUND**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Alvaro Borja, TDCJ-ID #1116918 ("Petitioner"), is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beeville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

On August 9, 2002, a jury found Petitioner guilty of murdering Juan Cordova by shooting him with a firearm, as charged in the indictment, in the 363rd Judicial District Court of Dallas

County, Texas, and assessed his punishment at thirty-six years' imprisonment. (Clerk's R. at 79.) The trial court issued its judgment on the same date and included an affirmative deadly weapon finding therein. (*Id.*) The Fifth District Court of Appeals of Texas affirmed the trial court's judgment on August 27, 2003, and, on April 7, 2004, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Borja v. Texas*, No. 05-02-01378-CR, slip op. (Tex. App.–Dallas Aug. 27, 2003) (not designated for publication); PDR No. 1540-03; *see also* state court case information, *available at* http://www.cca.courts.state.tx.us. Petitioner filed a state habeas application on August 30,2004, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on March 23, 2005. *Ex parte Borja*, Habeas Application No. 61,146-01, at cover. This federal petition was filed on June 14, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

The state's evidence at trial reflected that on July 14, 2001, Juan Cordova and Diego Duran attempted to carjack Edgar Fuentes at a carwash on Northwest Highway in Dallas. (R.R., vol. 3, at 30-78.) Nine days later, on July 23, 2001, Cordova and Duran were in the parking lot of Audio Concepts, a stereo shop, on North Buckner Boulevard when a tan car pulled into the parking lot; Petitioner, Fuentes, and third man got out and approached. Petitioner was armed with a gun and held Duran while Fuentes and the third man tried to push Cordova into the tan car. Cordova broke free and was shot twice by Petitioner. Petitioner, Fuentes and the third man got back in the tan car and fled. Duran chased the car but he eventually lost it. Later, at the police station, Duran identified Petitioner as the shooter from a photographic lineup. (*Id.* at 209-11.) The tan getaway car, which belonged to Petitioner's wife, was later found behind Petitioner's main residence; the gun used in the shooting was found, incident to his arrest, in an apartment Petitioner shared with his girlfriend.

2

(*Id.* at 119, 203-04, 262-63; R.R., vol. 4, at 48-49, 113-14, 153.)

The defense presented testimony from a witness who claimed to have seen bruises on Petitioner's body and Fuentes in possession of the gun in question shortly before the shooting. (*Id.* at 131-34.) According to Petitioner's own testimony, he was with Fuentes at the time of the attempted carjacking. He claimed the two were beaten and robbed by Cordova and three other men. (*Id.* at 151-52.) Petitioner recognized Cordova in the parking lot at Audio Concepts, he parked next to where Cordova stood, and then Petitioner, Fuentes and a third man approached Cordova and asked for the money and other objects back that had been taken during the attempted carjacking. Petitioner saw Cordova's hand go toward his waistband, and he and the third man struggled with Cordova. When Cordova broke free and ran, Fuentes shot him. Petitioner claimed he did not know Fuentes had a gun or intended to shoot Cordova.

**D. ISSUES**

Petitioner raises five grounds for relief, in which he claims (1) the evidence was legally and factually insufficient to support his conviction (grounds one through three), (2) the trial court erred by entering an affirmatively deadly weapon finding (ground four), and (3) he received ineffective assistance of trial counsel (ground five). (Petition at 7-8 & Attachment.)

## II. EXHAUSTION AND PROCEDURAL BAR

Quarterman asserts that Petitioner has failed to exhaust his state remedies as to his sufficiency-of-the-evidence claims under grounds one, two, and three, and as to one or more of his ineffective-assistance claims under ground five. (Resp's Answer at 4-7.)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169

F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner did not raise his sufficiency-of-the-evidence claims in his petition for discretionary review or in his state habeas application.[1] Thus, the claims are unexhausted. When a defendant fails to properly exhaust insufficiency-of-the-evidence claims, the Court may find the claims procedurally barred if the "time to file a petition for discretionary review has expired." *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002) (citing TEX. R. APP. P. 68.2), *vacated on other grounds*, 541 U.S. 386 (2004). By failing to timely present such claims in a petition for discretionary review, Brown has procedurally defaulted the claims under Texas law. Such default constitutes an adequate and independent state procedural ground to bar federal habeas review. Therefore, absent a showing of cause and prejudice or a miscarriage of justice, which showing has not been made, Brown's grounds one, two and three are procedurally barred. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir.

---

[1] Even if Petitioner had raised his sufficiency-of-the-evidence claims in his state habeas application, under Texas law, a challenge to the sufficiency of the evidence used to sustain a felony conviction is not cognizable on habeas review. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).

4

2000).

Similarly, a review of the claims Petitioner raised in state court reveals that he did not raise to the Texas Court of Criminal Appeals his claim that trial counsel was ineffective (ground five) by applying the parole law to his case during closing argument in the punishment phase. The failure to present such claim to the highest court in Texas constitutes a procedural default that could bar this Court from considering such claim on federal habeas review. *See In re Bagwell*, 401 F.3d 312, 315 (5th Cir. 2005); *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004).

Were this Court to require Petitioner to present the claim to the Texas Court of Criminal Appeals, the claim would be subject to dismissal under the Texas abuse-of-the-writ doctrine, Tex. Code Crim. Pro. Ann. art. 11.07, § 4.[2] That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law." *Id.* Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Petitioner's ineffective assistance claim in ground five regarding application of parole law during closing argument is also procedurally barred from this court's review.

---

[2]Texas also has an abuse of writ doctrine specifically applicable to capital cases. *See* Tex. Code Crim. P. Ann. art. 11.071, § 5(a). No material difference exists between the rules or their analysis. *Emery v. Johnson*, 139 F.3d 191, 195 n.3 (5th Cir. 1997). The Court may thus freely cite to either capital or non-capital cases that address the abuse of writ doctrine.

## III. APPLICABLE LAW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to this

presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## IV. DEADLY WEAPON FINDING

Petitioner claims the trial court erred by entering an affirmative deadly weapon finding in the judgment when the jury did not make such a finding. (Petition at 8.) The indictment alleged that Petitioner caused the victim's death by shooting him with a firearm, a deadly weapon, or caused the victim serious bodily injury by committing an act clearly dangerous to human life by shooting the victim with a firearm, a deadly weapon, and causing his death. (Clerk's R. at 2.) The jury was instructed on the deadly weapon finding and found Petitioner guilty of murder as alleged in the indictment. (*Id.* at 58-68.)

As a matter of constitutional due process, Petitioner received adequate notice that the state was seeking a deadly weapon finding. *See Ables v. Scott*, 73 F.3d 591, 593 (5th Cir. 1996). Further, relying solely on Texas law, the state habeas court made a specific finding on state habeas review that the affirmative deadly weapon finding was properly entered. (State Habeas R. at 42-43.) *See Lafleur v. Texas*, 106 S.W.3d 91 (Tex. Crim. App. 2003); *Polk v. Texas*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985). Under state law, where, as here, the jury is the finder of fact, a trial court is authorized to enter a deadly weapon finding if the indictment specifically alleges that the accused used or exhibited a deadly weapon, and the jury finds the defendant guilty as charged in the indictment. *See Davis v. Texas*, 897 S.W.2d 791, 793 (Tex. Crim. App. 1995). Federal courts are required to accord due deference to the state courts' application and interpretation of its own law. *See Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Accordingly, Petitioner is entitled to no relief on this claim.

# V. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received ineffective assistance of counsel because counsel failed to investigate and question Duran regarding his motive to testify, failed to investigate and question Duran regarding his immunity agreement with the prosecution, and failed to request an instruction on the lesser included offense of manslaughter. (Petition, Attachment.) A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight. *Id.* at 689.

The state courts considered and rejected Petitioner's claims against his trial counsel, and determined that Petitioner had failed to meet either prong of the *Strickland* standard. *Borja v. Texas*, No. 05-02-01378-CR, slip op. at 7-9; *Ex parte Borja*, State Habeas Application No. 61,146-01, at 43. Petitioner's claim that counsel failed to investigate and properly question Duran regarding his motive for testifying and the existence of an immunity agreement between him and the prosecution is meritless. Counsel stated during the motion for new trial hearing that he "probably should have questioned Duran extensively about his purpose in testifying being to avoid prosecution for

8

committing a felony rather than telling the truth." (R.R., vol. 7, at 19, 42,-47, 53-56.) However, as noted by the state appellate court, both prosecutors denied the existence of an immunity agreement with Duran. (*Id.*) *Borja*, No. 05-02-01378-CR, slip op. at 7. Thus, any investigation into the matter by counsel would have been fruitless. Further, the record is silent as to counsel's reasons for not requesting a lesser included offense on manslaughter. This fact notwithstanding, the state appellate court noted that it is a reasonable trial strategy not to request a charge on a lesser included offense because the jury has to choose between the charged offense and acquittal. *Id.* at 9. Petitioner has failed to rebut the presumptive correctness of the state courts' adjudication of his claims or demonstrate that the state courts' application of *Strickland* attorney-performance standard was objectively unreasonable. *See Bell v. Cone*, 535 U.S. 685, 702. He is therefore entitled to no relief on his ineffective assistance claims.

## VI. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be DENIED.

SIGNED on this 3rd day of January, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                      IRMA CARRILLO RAMIREZ
                                      UNITED STATES MAGISTRATE JUDGE